**Affirmed and Memorandum Opinion filed March 12, 2013.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00382-CR

**MIGUEL A. CANTERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1226280**

## MEMORANDUM OPINION

Appellant, Miguel A. Cantero, contends the evidence is legally insufficient to support his conviction for aggravated sexual assault. We affirm.

### I. BACKGROUND

According to the complainant, the underlying incident occurred as follows. Beginning in the early afternoon of July 19, 2009, the complainant and several

other individuals were at a friend's house drinking alcohol and smoking marijuana. At around 1:00 a.m. on July 20, the complainant and her cousin left their friend's house and began walking to the complainant's mother's apartment. The complainant was intoxicated but could walk and think clearly. As they walked, the complainant's cousin encountered a girl he knew and decided to walk with her, leaving the complainant to walk alone.

Soon thereafter, a person later identified as appellant drove next to the complainant in a white Lincoln car and asked if she needed a ride. She declined and resumed walking. Moments later, appellant grabbed the complainant's hair from behind. She turned and saw that appellant was holding a pocketknife with the blade extended. He told her to enter his car and to be quiet. The complainant complied because she was afraid for her life.

Appellant then drove the complainant to a nearby park. He told her to perform oral sex on him, which she did. He then drove her to another location in the park and told her to remove her shorts and underwear; at this point, appellant was again holding the knife. The complainant acquiesced and told appellant that she was menstruating. The appellant stated that he did not care and engaged in vaginal intercourse with the complainant. Afterward, the complainant attempted to walk away, but appellant insisted that he drive her home. Appellant then drove while the complainant gave him directions. Appellant threatened the complainant to not tell anyone about the assault. The complainant asked appellant his name, and he replied "Mike" or "Mark." The complainant exited the car near her aunt's house but did not tell appellant which house belonged to her aunt. The complainant memorized a few digits of appellant's license plate number.

Appellant offered the following, conflicting version of the underlying incident. On the evening of July 19, appellant was driving his white Lincoln. He

picked up a prostitute and had sex with her. Afterward, he saw the complainant walking. He asked her what she was doing, and she replied that she was going to a friend's house to obtain Xanax. He offered to drive her, and she accepted. While riding together, appellant asked the complainant if she wanted to have sex with him, and she responded affirmatively. They then drove to a park where she performed oral sex on him, and they engaged in vaginal intercourse. At some point, the complainant threatened appellant with a knife because he "was taking too long." After this sexual activity, appellant drove the complainant to her aunt's house.

The complainant testified as follows regarding what occurred after appellant dropped her off near her aunt's house. The complainant did not inform her aunt about the assault or call police. Instead, she took a shower and went to sleep. At around 9:00 a.m., the complainant's supervisor picked her up to go to work. The supervisor noticed the complainant seemed upset and asked her what was wrong. She informed him about the assault. He then drove the complainant to a police station where she gave a statement to an officer.

An investigating officer took the complainant to the park where the alleged assault occurred. There, the officer found a pocketknife which the complainant said belonged to appellant, and a sanitary napkin which she said belonged to her. Using the license plate digits provided by the complainant, officers developed "John Doe" (not appellant) as a potential suspect. On July 22, the complainant identified Doe in a photo array as her assailant.

Later that day, the complainant was driving when she saw appellant driving the white Lincoln. She followed him until he entered the highway. The complainant then pulled into a gas station where an officer was parked in a patrol car. She excitedly informed him that she had just seen the person who had

sexually assaulted her and provided the officer with partial license plates numbers. Officers eventually developed appellant as a suspect, and the complainant identified appellant in a new photo array.

Appellant was questioned by police. Initially, he denied knowing the complainant or having had sex with her. Eventually, he told police that he had consensual sex with the complainant. Appellant was charged with aggravated sexual assault. The jury convicted appellant and assessed punishment at twenty years' confinement.

## II.  SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant argues the evidence is legally insufficient to support his conviction for aggravated sexual assault.

### A.  Standard of Review

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.*

4

## B. Analysis

Appellant contends the evidence is legally insufficient to support his conviction because the evidence does not support a finding beyond a reasonable doubt that appellant engaged in vaginal intercourse with the complainant without her consent. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2012) (aggravated sexual assault). Specifically, appellant points to the following evidence as weighing against the complainant's sexual-assault allegations: (1) the complainant was intoxicated at the time of the alleged assault; (2) the complainant gave appellant directions to her aunt's house; (3) appellant told the complainant his name; (4) the complainant did not contact police immediately after arriving at her aunt's house; and (5) the complainant initially selected the wrong person from a photo array.

However, for the following reasons, not all of this evidence necessarily weighs against the complainant's allegations: (1) the complainant testified she was able to think clearly at the time of the assault despite being intoxicated; (2) the complainant did not give appellant her aunt's address but had him drop her off near her aunt's house; (3) the appellant did not provide his full name to the complainant but said his name was "Mike" or "Mark"; (4) the complainant testified that she did not contact police immediately because she was afraid of the appellant; and (5) the complainant testified she initially identified the wrong person as her assailant because the person looked like appellant and she did not see appellant's face clearly during the assault; the complainant saw appellant clearly when she chased him several days after the assault. Additionally, there is evidence casting doubt on appellant's version of the incident, including his testimony that (1) he initially lied to police about not having had sex with the complainant, (2) the complainant willingly engaged in oral and vaginal sex with him although he was a complete

5

stranger, and (3) the complainant pulled a knife on him because he was taking too long to complete the sexual act.

Deferring to the jury's exclusive role as fact finder, we hold the evidence is legally sufficient to support a finding that appellant engaged in vaginal intercourse with the complainant without her consent. We overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    John Donovan
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).